### COLLINS *v.* POWELL *et al.*

Where husband and wife paid their joint money for land conveyed to the wife alone, and it turned out there was an overpayment, the sum so overpaid may be recovered back in a joint action by them as money had and received for their use. So much of the payment as was due for the land was applied for the wife's use, but the excess was held for the use of the owners of the fund, and not for that of the wife alone.          *Judgment affirmed.*

July 13, 1891.

Action for money had and received. Husband and wife. Payment. Before Judge BOYNTON. Rockdale superior court. September term, 1890.

The petition of C. W. and Annie Z. Powell alleged that Collins and C. W. Powell agreed about January 1, 1885, to buy and sell rock as partners, on real estate, for quarrying purposes; that Collins, as partner of C. W. and Annie Z., agreed to purchase from one Reed twenty-four acres of land, including the stone thereon, and C. W. and Annie Z. were to have one third-interest in the purchase, by agreement with Collins, for one third of the cost of the land, or one third of the amount paid to Reed for the land; that Collins bought the land from Reed for himself and C. W. and Annie Z. for $317, but misrepresented the amount, saying that he was to pay $900, and C. W. and Annie Z. in good faith

paid to him as their part of the purchase price $295, when their part was but $115.33; and they sue for the $179.33 which they paid Collins in excess of what they should have paid him. Collins pleaded not indebted; that he did not receive the money which it was alleged he received; and that the plaintiffs were indebted to him $1,100 for services rendered in opening the quarry, bringing men to look at it, furnishing teams, etc. The jury found for the plaintiffs, and Collins' motion for a new trial on the general grounds was overruled.

The evidence for the plaintiffs was to the following effect: Defendant was negotiating for some granite land with Reed, and asked plaintiffs to go in with him in the purchase. They agreed to do so, paying one third of the purchase price and having a third-interest in the land. Defendant did all the trading, and told them he paid $900, and they paid him $300, he giving them $5.00 back. He was an experienced granite man and did most of the work on the quarry, though C. W. Powell did some. Defendant did work in Atlanta and elsewhere, bringing about a sale of the property, and plaintiffs received their *pro rata* share of what the property brought, which was largely in excess of what it cost them. Defendant only paid Reed $324 or $334, but wanted Reed to put into the deed $600 or some other large sum, and Reed would not do it. He told Reed to keep it a secret what he paid and not to let Powell know what it cost. Not more than $15 or $20 worth of work was done on the quarry before it was sold. The money paid by the Powells to Collins belonged to both the Powells. The deed was from Reed to Collins and Mrs. Powell, and the consideration expressed was "one dollar and other valuable consideration in hand paid."

The defendant testified: He made two purchases of Reed, and his recollection is that the two cost him $600.

After he bought the property the plaintiffs kept after him to let them into the transaction, and he finally told Powell he would sell him a 'three-eighths interest for $295. They paid him the money, and he had Reed to make the deed to himself and Mrs. Powell. Defendant went to great expense to get out samples to exhibit to purchasers of granite, Powell assisting him some in the work, for all of which defendant paid his own money. He then went to great expense to sell the property, to an amount of $500 or $600, but plaintiffs got their *pro rata* share of the amount for which the quarry was sold. Defendant was speculating in granite and quarries, and for that reason requested Reed to keep the price of the quarry a secret.

J. R. Irwin and A. C. McCalla, for plaintiff in error.
G. W. Gleaton, *contra*.